IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HARDWARD RESOURCES, INC.** | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:15-CV-1119 |
| | § | |
| v. | § | |
| | § | |
| **RESIDENTIAL ESSENTIALS LLC** | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff, Hardware Resources, Inc. ("Hardware Resources") files this, its Original Complaint against Residential Essentials LLC ("Residential Essentials") and would respectfully show the Court as follows:

### Parties

1. Hardware Resources is a Louisiana corporation having its corporate offices at business at 4100 Spring Valley Road, Suite 840, Farmers Branch, Texas 75244.

2. Residential Essentials is an Oklahoma limited liability company with its principal place of business at 3420 W 151st St S, Kiefer, Oklahoma, 74041. The designated agent for service of process for Residential Essentials is Marcus Burns at 239 E 117th St S, Jenks, Oklahoma 74037.

### Jurisdiction and Venue

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Residential Essentials because Residential Essentials has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this judicial district and because Residential Essentials has committed acts of patent infringement within the State of Texas and within this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c) and 1400 (b).

## Facts Common To All Counts

6. This is an action for infringement of United States Patent Nos. D612,703 (the "'703 Patent") and D598,269 (the "'269 Patent").

7. Hardware Resources is in the business of designing, manufacturing and selling, among other things, ornamental knobs, handles and pulls for cabinets and drawers. The knobs, handles and pulls include parts which are covered by the '703 Patent and/or the '269 Patent.

8. On March 30, 2010, the '703 Patent entitled "Cabinet Knob" was duly and legally issued by the United States Patent and Trademark Office. Hardware Resources owns the '703 Patent by assignment. A true and correct copy of the '703 Patent is attached as Exhibit A.

9. On August 18, 2009, the '269 Patent entitled "Cabinet Handle" was duly and legally issued by the United States Patent and Trademark Office. Hardware Resources owns the '269 Patent by assignment. A true and correct copy of the '269 Patent is attached as Exhibit B.

10. Residential Essentials is in the business of manufacturing and selling cabinet knobs, handles and pulls and so is a competitor of Hardware Resources. The knobs, handles and pulls of Residential Essentials are typified by part number 10381, entitled "Stepped Edge Knob" and part numbers 10383 - 10387, entitled "Stepped Edge Pull" ("Infringing Articles"). Advertisements for part nos. 10381 and 10383 by Residential Essentials are attached as Exhibits C and D.

11.     Residential Essentials sells its products through distributors and provides advertising to the distributors who in turn resell the products to end consumers.  Residential Essentials encourages the distributors to sell the products and provides customer referrals with the intent and purpose of contributing to and inducing the sale of the Infringing Articles.

## Count I
### (Infringement of U.S. Patent No. D612,703)

12.     Hardware Resources incorporates herein the allegations set forth in Paragraphs 1 through 11 above.

13.     Residential Essentials has made, used, sold and offered to sell, directly or indirectly, cabinet knobs, namely, one or more of the Infringing Articles, having a design that infringes the '703 Patent, without prior authorization of Hardware Resources.

14.     Under 35 U.S.C. § 271, Residential Essentials has directly infringed, contributorily infringed and/or induced infringement of the '703 Patent, literally or under the doctrine of equivalents.

15.     Under 35 U.S.C. § 289, Residential Essentials has also infringed the '703 Patent by applying the patented design, or a colorable imitation thereof, without a license from Hardware Resources, to articles of manufacture for the purpose of sale, and has sold and exposed such articles for sale.

16.     Because of the extreme similarity in designs between the Infringing Articles and the patented design, it is believed that the conduct of Residential Essentials is and has been willful, intentional and deliberate, making this an exceptional case.

17.     On information and belief, Residential Essentials will continue to infringe the '703 Patent unless and until it is enjoined by this Court.

18.     Residential Essentials has caused and will continue to cause Hardware Resources irreparable injury and damage by infringing the '703 Patent.  Hardware Resources will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Residential Essentials is enjoined from infringing the '703 Patent.

## Count II
### (Infringement of U.S. Patent No. D598,269)

19.     Hardware Resources incorporates herein the allegations set forth in Paragraphs 1 through 18 above.

20.     Residential Essentials has made, used, sold and offered to sell, directly or indirectly, cabinet handles, namely, one or more of the Infringing Articles, having a design that infringes the '269 Patent, without prior authorization of Hardware Resources.

21.     Therefore, under 35 U.S.C. § 271, Residential Essentials has directly infringed, contributorily infringed and induced infringement of the '269 Patent, literally or under the doctrine of equivalents.

22.     Under 35 U.S.C. § 289, Residential Essentials has also infringed the '269 Patent by applying the patented design, or a colorable imitation thereof, without a license from Hardware Resources, to articles of manufacture for the purpose of sale, and has sold and exposed such articles for sale.

23.     Because of the extreme similarity in designs between the Infringing Articles and the patented design,  it is believed that Residential Essentials' conduct is and has been willful, intentional and deliberate, making this an exceptional case.

24.     On information and belief, Residential Essentials will continue to infringe the '269 Patent unless and until it is enjoined by this Court.

25. Residential Essentials has caused and will continue to cause Hardware Resources irreparable injury and damage by infringing the '269 Patent. Hardware Resources will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Residential Essentials is enjoined from infringing the '269 Patent.

## Jury Demand

26. Hardware Resources requests a trial by jury on all issues so triable by right.

## Prayer for Relief

**WHEREFORE**, Hardware Resources respectfully requests that this Court:

1. Enter judgment that Residential Essentials has infringed the '703 and '269 Patents;

2. Enter an order permanently enjoining Residential Essentials and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '703 and '269 Patents;

3. Award Hardware Resources damages in an amount sufficient to compensate it for Residential Essentials' infringement of the '703 and '269 Patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

4. Award Hardware Resources the total profit of Residential Essentials for the sale of the Infringing Articles under 35 U.S.C. § 289;

5. Award Hardware Resources an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

6. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Hardware Resources its attorney fees, expenses, and costs incurred in this action; and

7. Award Hardware Resources such other and further relief as this Court deems just and proper.

Dated:  April 13, 2015.                                   Respectfully submitted,


                                                s/ George R. Schultz
                                                George R. Schultz
Texas State Bar No. 17837500
rschultz@grspc.com
Nicole R. Marsh
Texas State Bar No. 24044653
nmarsh@grspc.com

SCHULTZ & ASSOCIATES, P.C.
5400 LBJ Freeway
Suite 1200
Dallas, Texas 75240
(214) 210-5940 telephone
(214) 210-5941 facsimile

ATTORNEYS FOR
HARDWARE RESOURCES, INC.